## LEE *v.* TAYLOR.

Under the act of Dec. 24, 1896 (Acts 1896, p. 35), a tax-collector is under no obligation to pay to the county treasurer any money in his hands collected during a certain month, until he makes his statement on the first Monday of the succeeding month. Therefore a writ of mandamus will not lie either to compel the collector to pay such moneys to the county treasurer before the first day of the month succeeding their collection, or to compel him, after that time, to pay such moneys to one whose term of office has expired and whose successor has been elected and qualified..

Submitted March 27,— Decided April 24, 1899.

Petition for mandamus. Before Judge Smith. Dodge county.    January 5, 1899.

*W. M. Clements* and *J. E. Wooten,* for plaintiff.
*E. Herrman* and *Roberts & Milner,* for defendant.

SIMMONS, C. J.    Lee, the treasurer of Dodge county, filed in the superior court a petition for mandamus to compel Taylor, the tax-collector of the county, to pay him as treasurer certain moneys collected by Taylor.    Lee's term of office as treasurer expired on the first day of January, 1899, and Taylor, so the petition alleged, withheld from Lee the money collected, with the purpose of preventing Lee from receiving his lawful commissions on the money and of allowing his successor to get the commissions by paying over the money to such successor instead of to Lee.    It was also alleged that Taylor, with this end in view, had delayed the collection of a large portion of the taxes until the month of December, 1898.    The petition was filed and the rule nisi granted on December 22, 1898, and on the 29th of the same month Lee obtained from the judge an interlocutory injunction restraining Taylor from paying over the money to the successor of Lee in the office of treasurer. Lee's successor was to go into office on January 1, 1899.    Both the mandamus and the injunction were set for hearing on January 5, 1899.    At that time Lee's term of office had expired, and his successor had been elected and qualified.    At the hearing the judge refused the mandamus.    Lee excepted.

Without deciding whether the writ of mandamus would lie at all in such a case as this, where the matter in dispute seems to be a private grievance between the parties, we are clear that under the act of 1896 the judge rightly refused the mandamus. That act requires the tax-collector of each county to make a statement, on the first Monday in each month after and including October in each year, of the moneys collected by him. It further provides that he shall, after deducting his commissions, pay over the State's portion of the taxes included in the statement into the State treasury or to some designated depository, and pay into the county treasury the amount of the county's portion of such taxes.    While section 949 of the Po-

litical Code requires the tax-collector to diligently collect and pay over all moneys collected by him, the act of 1896 specifies the time in which he shall pay over the money.  There is in this section of the code nothing inconsistent with the act of 1896.  One defines the duties of the collector, and the other specifies the particular time in which he shall account to the State and county for the manner in which he has performed those duties.  If the tax-collector neglects to perform his duties, by indulging taxpayers until the month of December, at which time all taxes are required to be paid, and in that month collects the bulk of the taxes, he has until the first Monday in the month of January following within which to make his statement and to settle with the State and county.  Should it happen that the term of the county treasurer expires before that time and he goes out of office, he can not receive the money as treasurer of the county.  This is his misfortune, and the court would have no power to compel the collector to pay over to him as treasurer moneys belonging to the county, after he had gone out of office and his successor had been installed. His receipt to the collector, after he had gone out of office, would not protect the collector against the claims of the county. The fact that the collector deliberately withheld the collection of taxes until December, in order to deprive the treasurer of the commissions and allow the new treasurer to receive them, would not authorize the court, by writ of mandamus, to compel the collector to pay the money to one whose term of office as treasurer had expired.  If such person has any remedy, it is not by mandamus.

*Judgment affirmed.    All the Justices concurring.*